```
UNITED STATES BANKRUPTCY COURT                    13-3589448
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
```
In re:

    **SUEANN M. SMITH,**

                        **Chapter 7**

                        Case No. 04-16320-608

              Debtor.
```
-----------------------------------------------------------x
```

**ORDER (I) FINDING JEFFREY H. SCHWARTZ, ESQ. AND ROBERT M. GINSBERG, ESQ. IN CIVIL CONTEMPT, (II) DIRECTING JEFFREY H. SCHWARTZ, ESQ. AND ROBERT M. GINSBERG, ESQ. TO COMPLY WITH THIS COURT'S JANUARY 17, 2006 ORDER, AND (III) DIRECTING JEFFREY H. SCHWARTZ, ESQ. AND ROBERT M. GINSBERG, ESQ. TO PAY SANCTIONS AND COSTS.**

        Upon the Motion, dated February 27, 2006 (the "Motion"), of Robert L. Geltzer, the Chapter 7 Trustee (the "Trustee") of the Debtor, Sueann M. Smith (the "Debtor"), for an order holding Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. in civil contempt for their failure to comply with this Court's January 17, 2006 Order (the "Turnover Order") directing the turnover of the Debtor's personal injury file, and imposing sanctions and costs, and the Affirmation of Robert L. Geltzer, dated February 27, 2006 (the "Geltzer Affirmation") in support of the Motion; and the Court finding that it has jurisdiction over the matter raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334,

        **IT IS HEREBY FOUND THAT**,

        1.    Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. willfully failed to comply with the requirements of the Turnover Order by failing to turn over to the Trustee the entire, original personal injury file of the Debtor, and

        2.    It was necessary for the Trustee to bring the Motion in order to

effectively administer the Debtor's bankruptcy estate, and therefore:

**IT IS ORDERED, ADJUDGED, AND DECREED THAT,**

(I)  Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. are in civil contempt for willfully failing to comply with the requirements of the Turnover Order; and

(II)  ~~Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. are directed to pay to the Law Offices of Robert L. Geltzer within thirty (30) days of the date of entry of this Order, the sum of $25,000.00 for fees and expenses incurred by it connection with securing Jeffrey H. Schwartz's compliance with retention order, dated October 26, 2004, as well as the Contemnors compliance with the Turnover Order; and~~

(III)  Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. ~~to~~ comply with the Turnover Order; and

(IV)  ~~Should Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. fail to comply with their obligations as set forth in paragraphs 1, 2 and 3 of this Order within three (3) days of its entry~~, Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. are each directed to pay to the Trustee, on behalf of the estate,

    A.  one hundred ($100.00) dollars a day for every business day since the date on which this Court entered the Turnover Order; and

    B.  two hundred ($200.00) dollars a day for the first ten (10) business days for any failure to comply with this Order;

    C.  four hundred ($400.00) dollars a day for each business day thereafter for any failure to comply with this Order;

    D.  every ten (10) business days thereafter the dollar amount will double for any failure to comply with this Order. ~~; and~~

***It is further ORDERED, that the Trustee may settle an Order directing Messrs. Schwartz and Ginsberg to pay the fees incurred in obtaining compliance with the Turnover Order, with appropriate time records.***

~~(V)	Should Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. fail to comply with their obligations as set forth in paragraphs 1, 2, 3 and 4 of this Order, on the 31st day from the date of entry of this Order, Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. are to be apprehended and incarcerated until they purge themselves of the contempt as certified by the Trustee, or as otherwise determined by the Court, and the United States Marshals are authorized to use whatever force is reasonably necessary in order to arrest and restrain Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. and may do so during normal business hours and if the Marshals arrest Jeffrey H. Schwartz, Esq. and Robert M. Ginsberg, Esq. during a weekend, they may detain them over the weekend.~~ ***(CEC)***

Dated:	**March 8**, 2006
	Brooklyn, New York

                                    ***s/Carla E. Craig***
                                    HONORABLE CARLA E. CRAIG
                                    UNITED STATES BANKRUPTCY JUDGE